**A.C.B., a minor, by Philip A. PEARL-MAN, guardian ad litem, Petitioner-Appellant,**

v.

**DENVER DEPARTMENT OF SOCIAL SERVICES, Respondent-Appellee.**

No. 85CA1300.

Colorado Court of Appeals, Div. I.

June 5, 1986.

Rehearing Denied July 17, 1986.

Certiorari Denied (A.C.B.) Sept. 29, 1986.

Skeen & Pearlman, Philip A. Pearlman, Denver, for petitioner-appellant.

Stephen H. Kaplan, City Atty., Frank A. Elzi, Asst. City Atty., Denver, for respondent-appellee.

VAN CISE, Judge.

The guardian ad litem, on behalf of the child A.C.B., appeals the judgment of the Denver Juvenile Court denying his motion for an order directing the Denver Department of Social Services (department) to enroll the child at its expense in the Denver Academy, a private institution specializing in the treatment and education of children with learning disabilities. We affirm.

In 1982, through relinquishment proceedings, the juvenile court terminated the parent-child relationship between the child and his natural parents and awarded custody and guardianship of the person of the child

to the department. His physical custody was then placed by the department with foster parents for purposes of adoption, and he lived with them in Jefferson County where they resided. They have filed a petition to adopt the child, but the final hearing has been postponed pending attempts to solve the child's educational and emotional problems.

The child has had great difficulty in school adjustment. He was placed in a special educational program for children with significant identifiable emotional and behavioral disorders in the Jefferson County school district. His problems did not improve through the fourth grade, and the school district recommended that he be removed from his foster home for placement in a 24–hour residential child care facility.

The foster parents strongly opposed this recommendation because the child was doing well in the home, and they believed it would destroy the progress which had been made in bonding between them and the child. As an alternative, they placed A.C.B., on a trial basis, in the Denver Academy, a non-profit day school for treatment and education of children with learning disabilities. The guardian ad litem then filed the motion at issue with the juvenile court, asking it to order the department to enroll the child at Denver Academy and pay the $5400 annual tuition therefor.

An evidentiary hearing was held in September 1985. At its conclusion, the department moved that the motion be denied on the basis that the department was responsible only for ordinary education and that, under the Exceptional Children's Educational Act, § 22–20–101, et seq., C.R.S. (1985 Cum.Supp.), the Jefferson County school district, and not the department, is responsible for providing and paying for special education for handicapped children.

The juvenile court entered judgment denying the guardian ad litem's motion on the ground that the court lacked jurisdiction to order the department to pay the costs of special education at Denver Academy. This appeal followed.

On appeal, the guardian ad litem contends that, since custody and guardianship of the person of the child were placed in the department by order of the juvenile court, that court has jurisdiction to review all aspects of the care received by the child, including care related to the child's special educational needs, and to order payment therefor by the department. He further contends that, although the Exceptional Children's Educational Act provides that the school district of the child's residence would normally be responsible for providing special education for the child, the Act contemplates the authority of the juvenile court to make placement decisions as it deems appropriate. We do not agree.

"The final determination for the placement in a special education program of any eligible [handicapped] child shall be made by the board of education of the school district of the child's residence...." Section 22–20–102, C.R.S. (1985 Cum.Supp.). This placement authority includes the entering into contracts with nonprofit organizations for the provision of appropriate services for such children.

Section 22–20–108, C.R.S. (1985 Cum. Supp.) provides:

"The determination that a child is handicapped and the recommendation for placement of that child in a special educational program shall be made by a committee ... designated by the board ... of the school district.... In the event of an appeal of the determination ... of the placement of a child in an educational program ... the local school district shall appoint a hearing officer to make findings of fact and a recommendation ... to the local board.... [I]f the parent or guardian disagrees with the findings of the hearing officer, [such] party may appeal to the [state] commissioner of education...."

Also, § 22–20–109, C.R.S. (1985 Cum.Supp.) provides that: "The district of residence is obligated to reimburse fully the tuition charge to the ... group care facility or home ... where the child receives an education."

It is apparent that the general assembly, in enacting the Exceptional Children's Educational Act, placed the responsibility for providing and paying for special education for handicapped children such as A.C.B. on the school district of his residence and thereby relieved the Department of Social Services, both local and state, of any obligation it might have had prior to the effective date of that Act. The juvenile court properly dismissed the motion directed to the Denver department.

Judgment affirmed.

PIERCE and METZGER, JJ., concur.